# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CATHY S. BERG,<br><br>        Plaintiff,<br><br>vs.<br><br>JOANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>        Defendant. | No. C04-4093-MWB<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

The plaintiff Cathy S. Berg "Berg" seeks judicial review of the final decision of the Commissioner of Social Security denying her application for a period of disability and Title II disability insurance benefits made under the Social Security Act, 42 U.S.C. §§ 401 et. seq. (R. at 96B-96D). This matter was referred to United States Magistrate Judge Paul A. Zoss. Judge Zoss determined there was little in the record to substantiate Berg's claim of total disability as of her date last insured. Judge Zoss found that he was unable to find support in the record to substantiate Berg's claim and that she failed to demonstrate she was disabled prior to September 30, 1997. Judge Zoss recommends the Commissioner's decision be affirmed because the record does not contain substantial evidence to support Berg's claim of disability.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, in this case, no party has filed a timely objection nor has any party made a request for an extension of time to do so. Thus, the court concludes *de novo* review — required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) — is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir.1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed).

In this case, no objections have been filed and it appears to the court, upon review, that there is no ground to reject or modify the Report and Recommendation. Therefore, pursuant to Judge Zoss's Report and Recommendation, the ALJ's decision to deny benefits is **affirmed**. Judgment shall enter in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 19th day of October, 2005.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA